**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4894**

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

        v.

WARREN CHRISTOPHER BRADFORD,

                 Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Alexander Williams, Jr., District Judge.  (8:10-cr-00512-AW-1)

Submitted:  April 18, 2012              Decided:  May 8, 2012

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Martin G. Bahl, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Adam K. Ake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warren Christopher Bradford appeals the sentence of twelve months and one day imposed following his conviction of delay and destruction of mail by a postal employee, in violation of 18 U.S.C. § 1703 (2006). On appeal, Bradford argues that the district court erred in applying a six-level sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(2)(C) (2010). We affirm.

In reviewing a district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). In applying a sentencing enhancement, the district court must find by a preponderance of the evidence that the conduct underlying the enhancement occurred. See United States v. Grubbs, 585 F.3d 793, 803 (4th Cir. 2009).

Pursuant to USSG § 2B1.1(b)(2)(C), if a property damage or destruction offense involved 250 or more victims, a six-level enhancement is appropriate. On appeal, Bradford first argues that the district court erred in utilizing application note 4(C)(i) to calculate the number of victims involved in the offense. Application note 4(C)(i) provides:

> In a case in which undelivered United States mail was taken, or the taking of such item was an object of the offense, or in a case in which the stolen property received, transported, transferred, transmitted, or possessed was undelivered United States mail, "victim"

2

means (I) any victim as defined in Application Note 1; or (II) any person who was the intended recipient, or addressee, of the undelivered United States mail.

USSG § 2B1.1, cmt. n.4(C)(i). Bradford contends that, because application note 4(C)(i) uses the word "taken," it did not apply to him, as he did not steal mail; rather, he only delayed or destroyed it as charged in 18 U.S.C. § 1703(a). Because we read "taken" mail as an alternative to "stolen" mail in the application note, and the note seeks to calculate victims as persons who were deprived of their mail as a result of the defendant's actions, we conclude that the district court did not err in applying USSG § 2B1.1, cmt. n.4(C)(i) to Bradford.

Bradford also argues that, assuming note 4(C)(i) applies, the Government did not show by a preponderance of the evidence that there were 250 or more victims. The evidence, however, showed that Bradford's delivery route contained approximately 800 delivery addresses, and that he burned at least five full days' worth of mail. Because the evidence suggested that the five days' worth of mail was randomly drawn from Bradford's entire route, we hold that the district court did not clearly err in determining that there were at least 250 victims.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED